

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| ANTHONY A. WHITEHURST, § | | |
| *Plaintiff*, § | | |
| § | | |
| V. § | | CASE NO. 1:05-CV-407 |
| § | | |
| SHOWTIME NETWORKS, INC., § | | |
| *Defendant*. § | | |

**MEMORANDUM ORDER**
**ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Local Rules for the United States District Court, Eastern District of Texas, Appendix B, the Court referred this matter to a United States Magistrate for consideration of pretrial matters and proceedings. On July 21, 2005, Judge Giblin filed his *Report and Recommendation* on the dismissal of this civil action [Clerk's doc. #6].

Judge Giblin recommended that the Court deny Mr. Whitehurst's requests to proceed *in forma pauperis* and dismiss this proceeding, *sua sponte*, as frivolous pursuant to 28 U.S.C. § 1915(g). Mr. Whitehurst filed his objections to the magistrate's report

[Clerk's doc. #11]. He objects to the use of certain previous civil actions against him[1] and contends that he is not a prisoner as defined by 28 U.S.C. § 1915.

After conducting a *de novo* review of the plaintiff's objections, the motion, and all evidence presented, the Court agrees with the magistrate's *Report and Recommendation* and finds Plaintiff's objections to be without merit. *See* 28 U.S.C. § 636(b)(1). The Court therefore **ADOPTS** the *Report and Recommendation* [Clerk's doc. #6] and incorporates the magistrate's findings in support of this memorandum order. The Court further **ORDERS** that the pending applications to proceed *in forma pauperis* [Clerk's doc. #2, 5] are **DENIED** and this proceeding is **DISMISSED** in its entirety, without prejudice, pursuant to 28 U.S.C. § 1915(g). This matter is closed.

So **ORDERED** and **SIGNED** this **8** day of **December, 2005.**

_____
Ron Clark, United States District Judge

---

[1] A search of PACER/the United States Case Party Index reveals that Mr. Whitehurst has in fact, while incarcerated, filed at least twelve civil suits, *pro se* and *in forma pauperis*, which were ultimately dismissed. At least three of those proceedings qualify as "strikes" under the three-dismissal rule of 28 U.S.C. § 1915(g): *Whitehurst v. Beaumont Police Dept.*, No. 1:95-CV-787, in the United States District Court for the Eastern District of Texas, Beaumont Division (case dismissed as frivolous, *See Final Judgment* [Clerk's doc. #13], upheld on appeal by the United States Court of Appeals for the Fifth Circuit, No. 98-40344); *Whitehurst v. McMillan*, No. 5:92-CV-892, in the United States District Court for the Northern District of Alabama, Northeastern Division (case dismissed as frivolous, *See Report and Recommendation and Final Judgment* [Clerk's doc. #3, 4]); *Whitehurst v. Munn,* No. 1:92-CV-1280, in the United States District Court for the Middle District of Alabama, Dothan Division (case dismissed pursuant to 28 U.S.C. § 1915(d), *See Order* [Clerk's doc. #7]); *Whitehurst v. Valdez,* No. 05-CV-555, in the United States District Court for the Western District of Texas, Austin Division (case dismissed pursuant to the three- dismissal rule of 28 U.S.C. § 1915(g) [Clerk's doc. #8]);.